CARLTON, Justice
(dissenting):
I strongly dissent on the basis that Section (4) of Fla.Stat. 103.101, F.S.A. (set out in the majority opinion) unconstitutionally requires a disavowal of presidential candidacy as the price of removal from the ballot.
My dissent does not focus upon the right of privacy because this Court has already adequately addressed itself to that right in Battaglia v. Adams, 164 So.2d 195 (1964), when it said that a person could not be injected, “[A]gainst his will into a political arena where he is not prepared to and has no desire to do battle . . . .” The majority’s attempt to distinguish Battaglia away is particularly weak. I think Batta-glia was right when announced and should stand today.
I am more particularly concerned about a denial of equal protection of the laws as guaranteed by the federal Constitution. Mayor Yorty tells us that he is unprepared for the Florida preference primary because he does not have the financial resources or the time to materially participate. It is well known that media exposure, publicity, and campaign organization are directly related to the solvency of a campaign treasury. Yet, having decided that he cannot compete with others more adequately financed, the Mayor now finds that he is trapped on the ballot unless he is willing to perjure himself by filing an affidavit disavowing his candidacy. The word “perjure” is appropriate because he is on the New Hampshire ballot, and he is campaigning there.
Thus Fla.Stat. 103.101(4) F.S.A. puts upon the ballot all those recognized under the statute as candidates, but forces those with inadequate funds to either withdraw from presidential politics or chance the humiliation of a certain defeat. This indirectly erects a substantial barrier to those who would participate in federal elections. State action of this nature in other areas relating to elections has been uniformly struck down as unconstitutional. It is' analogous to situations involving discriminatory voter registration practices; to statutes struck down as favoring large counties over small ones in nominating petition cases like Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); and to cases like Hunter v. Erickson, 393 U.S. 385, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969) where a statute was drafted in a fashion so as to make more difficult the right of underfinanced minorities to make use of democratic processes.
In summary, I conclude that Section (4) of Fla.Stat. 103.101, F.S.A. violates the right of privacy discussed in Battaglia, supra; it denies candidates of lesser financial means the freedom to campaign as they deem wise; it erects a barrier to the freedom to participate in federal elections guaranteed to all candidates as well as to all electors by the United States Constitution. These deficiencies would be remedied if Section (4) were altered to provide for withdrawal without a declaration that the candidate disavows any aspiration to be a candidate for the presidency of the United States.